[Cite as *State v. Stober*, 2014-Ohio-5629.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PUTNAM COUNTY


STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.   12-13-13

    v.

JEREMY STOBER,                        O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Putnam County Common Pleas Court
Trial Court No. 2012-CR-0089

Judgment Affirmed

Date of Decision:   December 22, 2014


APPEARANCES:

    *F. Stephen Chamberlain* **for Appellant**

    *Todd C. Schroeder* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant, Jeremy Stober ("Stober"), brings this appeal from the judgment of the Court of Common Pleas of Putnam County denying his petition for post-conviction relief without a hearing. For the reasons set forth below, the judgment is affirmed.

{¶2} On September 17, 2012, Stober was indicted in an eight count indictment for one count of Tampering with Evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, four counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), all felonies of the fourth, one count of Sexual Battery in violation of R.C. 2907.03(A)(7), a felony of the third degree, one count of Importuning in violation of R.C. 2907.07(B)(1), a felony of the fifth degree, and one count of Attempted Sexual Battery in violation of R.C. 2923.02(A) and R.C. 2907.03(A)(9), a felony of the fourth degree. *State v. Stober,* 3d Dist. Putnam No. 12-13-09, 2014-Ohio-1568, ¶ 2. Stober was arraigned on September 18, 2012, and entered pleas of not guilty to all counts. *Id.* at ¶ 3. A jury trial was held from February 25-28, 2013. *Id.* at ¶ 6. The jury found Stober guilty of one count of sexual battery, one count of importuning, and three counts of gross sexual imposition. *Id.* at ¶ 35. On March 18, 2013, Stober was sentenced to an aggregate prison term of ten and one-half years. *Id.* at ¶ 36. Stober appealed

from this judgment. On April 14, 2014, this court affirmed the convictions, but remanded the matter for a new sentencing hearing. *Id*. at ¶ 161.

{¶3} On November 13, 2013, Stober filed a petition to vacate or set aside judgment of conviction pursuant to R.C. 2953.21. Doc. 6. The petition alleged that trial defense counsel was ineffective and that the prosecutor engaged in misconduct. On November 20, 2013, the trial court entered its judgment denying the petition. Doc. 7. Stober filed his notice of appeal from this judgment on December 18, 2013. Doc. 14. On appeal Stober raises the following assignments of error.

### First Assignment of Error

**The trial court abused its discretion when it dismissed [Stober's] post-conviction relief petition (PCR) without a hearing, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10 & 16 of the Ohio Constitution.**

### Second Assignment of Error

**The trial court abused its discretion when it determined that witness Dale Nienberg's affidavit and the testimony contained therein would not provide a basis for acquittal at trial and most likely would not have been admissible at trial, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10 & 16 of the Ohio Constitution.**

### Third Assignment of Error

**The trial court abused its discretion when it erred in determining that trial counsel's non-use of witness Dale Nienberg was reasonable trial strategy, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10 & 16 of the Ohio Constitution.**

### Fourth Assignment of Error

**The trial court abused its discretion when it erred in determining that the failure of trial counsel not to consult with or utilize a mental health expert was reasonable trial strategy and the PCR petition did not establish admissibility of expert testimony, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10 & 16 of the Ohio Constitution.**

### Fifth Assignment of Error

**The trial court abused its discretion when it erred in determining that the inappropriate actions alleged of the prosecutor are factually unsupported and are not prosecutorial misconduct, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10, & 16 of the Ohio Constitution.**

### Sixth Assignment of Error

**The trial court abused its discretion when it failed to acknowledge the cumulative effect of trial counsel's errors when it decided trial counsel was not ineffective and there was no grounds supporting Prosecutorial Misconduct, prejudicing [Stober] and violating his 5th, 6th & 14th Amendment rights to the U.S. Constitution and violating his rights under Article I, Section 1, 10, & 16 of the Ohio Constitution.**

{¶4} In the first assignment of error, Stober alleges that the trial court erred in denying him a hearing. Post-conviction relief is a remedy sought by a defendant who has been convicted of a crime. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. Petitions for post-conviction relief are governed by R.C. 2953.21.

> **(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court, to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.**
>
> **\* \* \***
>
> **(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.**

R.C. 2953.21. "[B]efore a hearing is granted, 'the petitioner bears the initial burden to submit evidentiary documents containing *sufficient operative facts* to demonstrate the lack of competent counsel *and* that the *defense was prejudiced* by counsel's ineffectiveness.'" *Calhoun, supra* at 283 (quoting *State v. Jackson*, 64 Ohio St.2d 107, 112, 413 N.E.2d 819 (1980)). A trial court's decision to grant or deny a post-conviction petition filed pursuant to R.C. 2953.21 is reviewed using

an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. An "abuse of discretion connotes more than an error of judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable" *State v. Gutierrez*, 3d Dist. Hancock No. 5-10-14, 2011-Ohio-3126, ¶11.

**{¶5}** In this case, Stober filed the affidavit of attorney Karl Rissland ("Rissland") in support of his petition for post-conviction relief. Doc. 6. Rissland indicated that he was an experienced trial attorney and appellate attorney in sexual assault cases. *Id.* He indicated that he fully reviewed the record and had reviewed evidence outside of the record. *Id.* In the affidavit, Rissland states that based upon his review, the failure of Stober's trial counsel to present the testimony of Dale Nienberg ("Nienberg") was unreasonable and prejudicial. *Id.* Nienberg had allegedly overheard a conversation in which the primary accuser was advised by a friend to make up an allegation against Stober in order to get him in trouble. *Id.* Nienberg was not a sympathetic witness towards Stober, so his testimony would have been credible. *Id.* Rissland stated that in a case where the convictions solely rested on the credibility of the victim, the failure to bring out a motive of the victim to lie was ineffective assistance of counsel. *Id.* Rissland also alleged that trial counsel was ineffective for failing to call a psychological expert to explain to

the jury how the victim's past history of sexual assault affected her perception of what happened. *Id*.

{¶6} Additionally, Stober presented an affidavit of Nienberg as to what his trial testimony would have been had defense counsel called him. *Id*. Nienberg stated in his affidavit that he overheard three students discussing Stober and one of them suggested to another that she should "just make something up about him." *Id*. He stated that the apology mentioned at trial was not about what he overheard, but about the way he had misunderstood the method of the investigation by the school. *Id*. He reiterated that "any statements regarding 'misunderstood' and mis-statements' were <u>not</u> in reference to what [he] overheard in the Fall, 2011 concerning the 3 students." *Id*. The trial court reviewed these affidavits and determined that the failure to call Nienberg as a witness was reasonable trial strategy and was not the result of ineffective assistance of counsel. Doc. 7.

{¶7} The first issue raised by the petition was whether counsel was effective in his representation of Stober.

> **In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the**

> **defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness."  State v. Lytle (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.**
>
> **On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent.  See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; * * * 915 State v. Jackson, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.**

*Calhoun*, *supra* at 289.  "A defendant must thus satisfy the judgment of the reviewing court, informed by the entire record, that the probability of a different result is 'sufficient to undermine confidence in the outcome' of the proceeding. *United State v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674.).

{¶8} In this case, Stober alleged that his counsel was ineffective for failing to call Nienberg as a witness to a conversation he overheard in which H.Z., the victim of three of the offenses for which he was convicted, was advised to make something up about Stober in order to get rid of him as a teacher.  This testimony was desired to challenge the victim's credibility by showing she had a motive to lie.  The three charges where H.Z. was the victim were Count 5 - importuning, Count 6 – gross sexual imposition, and Count 7 – gross sexual imposition.

Notably other than some text messages that were sexual in nature after the investigation had started and the volume of messages between Stober and H.Z., the only evidence of the events forming the basis of the convictions was H.Z.'s testimony. However, the testimony of Nienberg, while potentially damaging to the credibility of H.Z., does not demonstrate that the result probably would have been different if Nienberg had testified. The trial court determined that the failure to have Nienberg testify was not prejudicial. Viewing the record as a whole and the allegations outside the record, this court does not find that the trial court abused its discretion in making this decision.

{¶9} Stober also alleged that counsel was ineffective for failing to call an expert on sexual abuse to explain how H.Z.'s history of abuse would cause her to misinterpret what had happened. Stober claims that this would have helped the jury understand. However, there is no evidence presented as to what the actual expert would have testified if he or she had been called. All that was presented was the affidavit of an attorney as to what testimony would have been helpful, not that the expert would have testified that way in this case. Thus, the trial court did not abuse its discretion in finding that the alleged failures of trial counsel were not prejudicial and thus did not rise to the level of ineffective assistance of counsel. Since Stober failed to set forth sufficient operative facts to support his claim of ineffective assistance of counsel, the trial court did not err in failing to hold a

hearing on his petition for post-conviction relief. The first assignment of error is overruled.

{¶10} In the second assignment of error, Stober claims that the trial court erred by finding that Nienberg's testimony would not have provided a basis for acquittal and likely would not have been admissible at trial. As discussed above, the proposed testimony of Nienberg was not exculpatory in that it did not indicate that the crimes did not occur. Instead, the testimony merely went to the credibility of the victim and provided her with a motive to lie. Nienberg's testimony did not even rise to the level of showing that H.Z. did lie, just that she was encouraged to do so.[1] Thus, this court does not find that the trial court abused its discretion in finding that the testimony would have been the basis of acquittal. The second assignment of error is overruled.

{¶11} Next, Stober claims that the trial court erred by finding that the decision not to have Nienberg testify was reasonable trial strategy. This court acknowledges that the testimony of Nienberg might have been helpful to Stober as to the charges related to H.Z. However, the testimony may or may not have been admissible and, as discussed previously, the failure to call Nienberg to testify was not prejudicial. Even if it were unreasonable trial strategy, without a showing of prejudice, it is not reversible error. The third assignment of error is overruled.

---

[1] Additionally, there may have been a hearsay issue in getting the overheard statement admitted at court as Nienberg would be testifying to what a third party stated outside of court.

{¶12} Stober alleges in the fourth assignment of error that the failure to call a mental health expert was not reasonable trial strategy. As previously discussed, this court has no way of knowing exactly how an expert would testify in this case given the facts of this case. Without this knowledge, there is no way to determine if the testimony would be helpful. Therefore, the trial court did not abuse its discretion in holding that the failure to call a mental health expert was a reasonable trial strategy. The fourth assignment of error is overruled.

{¶13} In the fifth assignment of error, Stober alleges that the trial court erred in holding that the prosecutor did not engage in misconduct by attempting to convince Nienberg that he misunderstood what was said. The prosecutor then brought in testimony during its case in chief which indicated that Nienberg had retracted his statement regarding what he overheard, even though Nienberg had not testified at that time. Stober claims that the alleged misconduct was the attempt to convince Nienberg to "reconsider" his testimony prior to the trial. "When reviewing a claim of prosecutorial misconduct, the pertinent inquiry for an appellate court is 1) whether the prosecutor's actions were actually improper, and 2) if so, were defendant's substantial rights adversely affected." *State v. Dixson*, 3d. Dist. Seneca No. 13-13-53, 2014-Ohio-4539, ¶43. Reversal of a judgment for prosecutorial misconduct is only warranted if the misconduct permeates the entire atmosphere of the trial and interferes with the defendant's right to a fair trial. *Id.*

{¶14} Here the alleged misconduct primarily occurred before trial when the prosecutor allegedly attempted to persuade Nienberg that he was mistaken in what he thought he overheard. The only conduct that occurred during the trial was the prosecutor eliciting the testimony from another witness that would have potentially challenged what Nienberg would have stated if he had testified. However, Nienberg did not testify. Thus, any of the alleged misconduct by the prosecutor prior to the trial was not a part of the trial. The attempt to discredit Nienberg's testimony before he testified was irrelevant because he did not testify. Thus, the alleged misconduct did not interfere with Stober's right to a fair trial. The fifth assignment of error is overruled.

{¶15} Finally, Stober alleges that the cumulative effect of the errors was such as to deny him a fair trial. The doctrine of cumulative error provides that "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal." *State v. Garner*, 74 Ohio St.3d 64, 1995-Ohio-168, 656 N.E.2d 623. "To find cumulative error, a court must first find multiple errors committed at trial and determine that there is a reasonable probability that the outcome below would have been different but for the combination of the harmless errors." *In re J.M.*, 3d. Dist. Putnam No. 12-11-06, 2012-Ohio-1467, ¶36. There is no question that this

trial was not error free or that the defense attorney may have made other choices. However, "there can be no such thing as an error-free trial and * * * the Constitution does not guarantee such a trial." *United States v. Hasting*, 461 U.S. 499, 508-509, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). The only guarantee is that the trial will be fair. *State v. Bell*, 112 Ohio App.3d 473, 481, 679 N.E.2d 44 (3d Dist. 1996). After reviewing the record before this court, we do not find that Stober was denied a fair trial. Thus, the cumulative effect of any errors was not prejudicial and the sixth assignment of error is overruled.

{¶16} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Putnam County is affirmed.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur in Judgment Only.**

**/jlr**