[Cite as *State v. Ackles*, 2018-Ohio-3718.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY

STATE OF OHIO,

        CASE NO. 1-18-16

    PLAINTIFF-APPELLEE,

    v.

TREY LEE ACKLES,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20170194

Judgment Reversed

Date of Decision: September 17, 2018

APPEARANCES:

    *Michael J. Short* for Appellant

    *Jana E. Emerick* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Trey L. Ackles ("Ackles") appeals the judgment of the Allen County Court of Common Pleas. For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On June 15, 2017, Ackles was charged with two counts of trafficking in marihuana in violation of R.C. 2925.03(A)(1) and one count of possession of marihuana in violation of R.C. 2925.11(A). Doc. 1. These charges formed the basis of case 2017-CR-0194. As a result of these charges, Ackles was the subject of a motion for a community control revocation in case 2016-CR-0423. Tr. 1. On March 28, 2018, Ackles appeared before the court for a change of plea hearing in case 2017-CR-0194 and a hearing on his community control violation in case 2016-CR-0423. Tr. 1. He pled guilty in open court to two felony charges: count one— trafficking in marihuana—and count three—possession of marihuana. Doc. 31. Tr. 2-3. Count two—trafficking in marihuana—was dismissed. Doc. 31. Tr. 2-3.

{¶3} The trial court accepted Ackles's guilty plea and then proceeded to sentencing. Doc. 33. For the charges against Ackles in case 2017-CR-0194, the trial court ordered a sentence of thirty-six months in prison for the first count and a sentence of six months in prison for the third count. Doc. 33. These two sentences were to be served concurrently. Doc. 33. The trial court then sentenced Ackles to twelve months in prison for his community control violation in case 2016-CR-0423.

Tr. 31. The trial court ordered that the prison term in case 2017-CR-0194 be served consecutively to the prison term of twelve months imposed in case 2016-CR-0423. Doc. 33. Tr. 31-32.

{¶4} Appellant filed his notice of appeal on March 30, 2018. Doc. 34. On appeal, appellant raises one assignment of error:

> **The sentence is not supported by the record and is contrary to law.**

Ackles argues that the trial court failed to make the findings required to impose consecutive sentences.

*Legal Standard*

{¶5} Appellate review of issues related to felony sentencing guidelines is governed by R.C. 2953.08(G)(2), which reads as follows:

> **(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.**
>
> **The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**(b) That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2). Thus, "an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam No. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86 (3d Dist.), ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, at paragraph three of the syllabus (1954).

{¶6} "In order to impose consecutive sentences, a trial court is required under R.C. 2929.14(C)(4) to make certain findings for the record and to incorporate these findings into the judgment entry." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 10.

> **(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the**

>**offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
>**(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
>**(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
>**(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4). Thus, "the trial court must find that 1) consecutive sentences are necessary to either protect the public or punish the offender, 2) the sentences would not be disproportionate to the offense committed, and 3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b, or c)." *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33.

>**[A] trial court must state the required findings as part of the sentencing hearing * * *. And because a court speaks through its journal the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.**

> **A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence.**

(Citations omitted.) *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29-30.

*Legal Analysis*

**{¶7}** In this case, the judgment entry does not contain the findings required by R.C. 2929.12(C)(4) to support the imposition of consecutive sentences.[1] In imposing consecutive sentences, the trial court stated the following:

> **In the 2016 case, having found the defendant to have violated community control and based upon the factors I found, I'm going to sentence the defendant in that case to twelve months. It's not mandatory. But the 2017 case will be consecutive to CR2016 0423.**
>
> **So, the aggregate is, taking the thirty-six months concurrent with six months, consecutive to twelve months, it's forty-eight months, or four years. That means the defendant is eligible for community control—excuse me—judicial release. But, it's an aggregate of forty-eight months.**

Tr. 32. Thus, as the State of Ohio concedes, the trial court did not make a finding "that 1) consecutive sentences were necessary for the statutory reasons or 2) that

---

[1] The trial court was required to make the findings listed in R.C. 2929.12(C)(4) in order to impose consecutive sentences even though Ackles's community control violation arose from a different case (2016-CR-0423) from the two felonies in 2017-CR-0194. See State v. Duncan, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 41 (12th Dist.).

consecutive sentences were not disproportionate." *State v. Upkins*, 3d Dist. Shelby No. 17-12-13, 2012-Ohio-6114, ¶ 4. Since the trial court did not make the required findings, "the imposition of consecutive sentences in this case is contrary to law." *Bonnell, supra*, at ¶ 37. The appellant's sole assignment of error is sustained.

*Conclusion*

**{¶8}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Court of Common Pleas is reversed. This cause is remanded to the trial court for resentencing.

***Judgment Reversed***
***And Cause Remanded***

**SHAW and PRESTON, J.J., concur.**

**/hls**