[Cite as *State v. Payne*, 2019-Ohio-2852.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ADAM PAYNE,

    DEFENDANT-APPELLANT.

CASE NO. 7-19-02

O P I N I O N

Appeal from Henry County Common Pleas Court
Trial Court No. 18 CR 0104

Judgment Reversed and Cause Remanded

Date of Decision:  July 15, 2019

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Gwen Howe-Gebers* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Adam Payne ("Payne") appeals the judgment of the Henry County Court of Common Pleas, alleging that the trial court failed to make the findings require by R.C. 2929.14(C)(4). For the reasons set forth below, the judgment of the trial court is reversed.

*Facts and Procedural History*

{¶2} On August 22, 2018, Payne was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(3); one count of escape in violation of R.C. 2921.34(A)(1); and one count of attempted vandalism in violation of R.C. 2923.02(A), 2909.05(B)(1)(b). Doc. 1. These charges were the basis of case 18-CR-0104. Doc. 1. On November 26, 2018, Payne pled guilty to one count of aggravated robbery in violation of 2911.01(A)(3). Doc. 19. Change of Plea Hearing Tr. 2. Pursuant to a plea agreement, the other two counts against Payne were dismissed. *Id.*

{¶3} On December 18, 2018, Payne appeared before the trial court for sentencing. Doc. 21. Prior to this hearing, Payne had been sentenced in a Defiance County case to a prison term of twenty-three months. Sentencing Hearing Tr. 3. The trial court ordered that Payne's sentence in case 18-CR-0104 be served consecutively to the sentence he received in the Defiance County case. *Id.* at 10. Doc. 21. On January 16, 2019, appellant filed his notice of appeal. Doc. 30. On appeal, Payne raises the following assignments of error:

**First Assignment of Error**

**Because the trial court failed to make the findings required under R.C. 2929.14(C)(4) before imposing a consecutive sentence, Appellant's sentence was in violation of R.C. 2929.41(A) and, therefore, contrary to law.**

**Second Assignment of Error**

**Because the record, as shown by clear and convincing evidence, does not support the trial court's findings under the relevant statutes, pursuant to R.C. 2953.08(G)(2), the trial court's sentence of Appellant was not supported by the record.**

*First Assignment of Error*

{¶4} Payne argues that the trial court did not make the findings that are required to impose consecutive sentences under R.C. 2929.14(C)(4).

Legal Standard

R.C. 2929.41(A) reads, in its relevant part as follows:

**Except as provided in * * * division (C) of section 2929.14 * * *, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.**

R.C. 2929.41(A). "In order to impose consecutive sentences pursuant to R.C. 2929.14(C), the "trial court is required to make certain findings for the record and to incorporate these findings into the judgment entry." *State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 10, citing R.C. 2929.14(C)(4). *See State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 6 (applying R.C.

2929.14(C)(4) in a situation where a sentence in one case was ordered to be served consecutively to a sentence from a separate case).

{¶5} Under R.C. 2929.14(C)(4), "the trial court must find that 1) consecutive sentences are necessary to either protect the public or punish the offender, 2) the sentences would not be disproportionate to the offense committed, and 3) one of the factors set forth in R.C. 2929.14(C)(4)(a, b, or c)." *State v. Ackles*, 3d Dist. Allen No. 1-18-16, 2018-Ohio-3718, ¶ 6, quoting *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. The three factors listed under R.C. 2929.14(C)(4)(a-c) read as follows:

> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

R.C. 2929.14(C)(4)(a-c).

> **When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * *.** *See* **Crim.R. 32(A)(4). And because a court speaks through its journal,** *State v. Brooke*, **113 Ohio St.3d 199, 2007-Ohio-1533, 863**

**N.E.2d 1024, ¶ 47, the court should also incorporate its statutory findings into the sentencing entry.  However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.**

**A trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court.  *See State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 * * *.  But a nunc pro tunc entry cannot cure the failure to make the required findings at the time of imposing sentence.  *See State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16.**

(Citations omitted.)  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29-30.

Legal Analysis

{¶6} While the trial court is not obligated to recite any talismanic language, the record must still indicate that the trial court made all of the findings required by R.C. 2929.14(C)(4).  *Bonnell* at ¶ 37.  In this case, the trial court did not make all of the findings that are required to impose consecutive sentences under R.C. 2929.14(C)(4).  Further, the trial court did not incorporate the R.C. 2929.14(C)(4) findings into its judgment entry of sentencing.  Doc. 21.  "Accordingly, the imposition of consecutive sentences in this case is contrary to law." *Bonnell, supra*, at ¶ 37.  For this reason, we "reverse the judgment of the [trial] court, vacate the

sentence, and remand the matter to the trial court for resentencing." *Id.* Payne's first assignment of error is sustained.

*Second Assignment of Error*

**{¶7}** In his second assignment of error, Payne argues that the sentence he received is not supported by the record and is, therefore, contrary to law. However, our ruling on Payne's first assignment of error has rendered this argument moot as we have already vacated his sentence and remanded this case for resentencing. For this reason, we decline to address these issues pursuant to App.R. 12(A)(1)(c).

*Conclusion*

**{¶8}** Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Henry County Court of Common Pleas is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed*
*And Cause Remanded*

**SHAW and PRESTON, J.J., concur.**

**/hls**