[Cite as *State v. Glenn*, 2021-Ohio-264.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 9-19-64

    v.

SALENA GLENN,

                                          O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 19-CR-0122

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:   February 1, 2021**

APPEARANCES:

    *W. Joseph Edwards*  for Appellant

    *Nathan R. Heiser* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Salena N. Glenn ("Glenn"), appeals the September 17, 2019 judgment of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On March 21, 2019, agents of a multi-jurisdictional drug task force conducted a search of a residence at 223 West Columbia Street, Marion, Ohio ("223 West Columbia") pursuant to a search warrant. Inside the residence, law enforcement officers located drugs, and Illya Green ("Green") and Kevin Swift ("Swift") were arrested. Outside the residence, law enforcement officers heard a noise and located Glenn attempting to leave the residence in her vehicle. During a subsequent search of Glenn's vehicle, law enforcement officers located substances which were later determined to be cocaine and a mixture of fentanyl and heroin.

{¶3} On April 4, 2019, the Marion County Grand Jury issued a joint indictment charging Glenn, Green, and Swift with a variety of offenses. (Doc. No. 2). Specifically, the Marion County Grand Jury indicted Glenn on six counts: Count One of trafficking in cocaine in violation of R.C. 2925.03(A)(2), (C)(4), a first-degree felony; Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4), a first-degree felony; Count Three of aggravated possession of fentanyl in violation of R.C. 2925.11(A), (C)(11), a second-degree felony; Count Four of tampering with evidence in violation of R.C. 2921.12(A), a third-degree

felony; Count Five of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6), a fourth-degree felony; and Count Six of aggravated possession of drugs in violation of R.C. 2925.11(A)(1), (C)(1), a fourth-degree felony. (*Id.*). Count Two contained a major drug offender specification under R.C. 2941.1410 and Count Five contained a forfeiture specification under R.C. 2941.1417. (*Id.*). On April 8, 2019, Glenn appeared for arraignment and entered pleas of not guilty to the counts and specifications in the indictment. (Doc. No. 7).

{¶4} On May 31, 2019, Glenn filed a motion for additional discovery. (Doc. No. 37). In the motion, Glenn requested that the trial court compel the State to provide her with any and all video recordings, police reports, and documentation regarding controlled buys at 223 West Columbia on February 26, 2019, February 28, 2019, March 12, 2019, March 14, 2019, and March 20, 2019. (*Id.*). Glenn argued that the information was discoverable under Crim.R. 16 because it was "material to mitigation, exculpation, or impeachment." (*Id.*).

{¶5} On June 7, 2019, the State filed its memorandum in opposition to Glenn's motion for additional discovery. (Doc. No. 38). The State argued that, although the five prior controlled buys were referenced in the affidavit for the search warrant which was executed on March 21, 2019, neither Glenn nor her co-defendants were charged with any crimes relating to those transactions. (*Id.*). Further, the State argued that Glenn failed to demonstrate that she would be

prejudiced by non-disclosure of the controlled buys detailed in the search warrant affidavit. (*Id.*).

{¶6} On June 11, 2019, the trial court held a hearing on Glenn's motion for additional discovery. (Doc. No. 39). At the conclusion of the hearing, the trial court denied Glenn's motion for additional discovery. (June 11, 2019 Tr. at 30). (*See* Doc. No. 39).

{¶7} The case proceeded to a jury trial on August 22, 23, and 26, 2019. (*See* Doc. No. 113). Prior to the commencement of trial, the trial court dismissed Counts Five and Six of the indictment and the forfeiture specification that related to Count Five of the indictment. (*Id.*). At the close of the State's case, Glenn made a motion for acquittal under Crim.R. 29, which the trial court denied. (Aug. 26, 2019 Tr. at 709-717). On August 26, 2019, the jury found Glenn guilty of all the remaining counts in the indictment and the major drug offender specification associated with Count Two. (Doc. Nos. 105, 106, 107, 108). (*See* Doc. No. 113).

{¶8} A sentencing hearing was held on September 16, 2019. (Doc. No.113). Upon agreement of the parties, the trial court found that Counts One and Two merged for purposes of sentencing. (*Id.*). Accordingly, the State elected to sentence Glenn on Count Two. (*Id.*). The trial court sentenced Glenn to a mandatory term of 11 years in prison on Count Two, a mandatory term of 7 years in prison on Count Three, and 24 months in prison as to Count Four. (*Id.*). Further, the trial court

ordered that the sentences should be served consecutively to each other for an aggregate prison term of 20 years. (*Id.*). The following day, the trial court filed its judgment entry of sentence. (*Id.*).

{¶9} On October 16, 2019, Glenn filed her notice of appeal. (Doc. No. 117). She raises three assignments of error for our review. For ease of discussion, we review the second and third assignments of error out of order.

### Assignment of Error No. I

**The trial court's numerous errors involving evidentiary issues denied appellant the right to present a defense thereby violating her constitutional due process rights to a fair trial under the State and Federal Constitutions. (Record Reference: Transcript of Pre-Trial (Date 6/11/19), Tr. Vol. III, pp. 602-650)**

{¶10} In the first assignment of error, Glenn argues that the trial court abused its discretion by not permitting her to introduce two pieces of evidence at trial which could have been used to establish the defense that she did not possess or traffic drugs and that the drugs found at the scene and in her vehicle instead belonged to Green.

{¶11} First, Glenn argues that the trial court did not permit her to introduce evidence of the five prior controlled buys at 223 West Columbia which apparently do not show her trafficking drugs. Glenn contends that because she was not trafficking drugs during those controlled buys, the videos of the controlled buys could be used to advance her defense that she was not trafficking or knowingly possessing drugs on March 21, 2019. Moreover, Glenn argues the evidence of the

prior buys supports her defense that Green was selling drugs from the location and that she was merely in the wrong place at the wrong time.

{¶12} Second, Glenn argues that the trial court erred by not admitting a statement made by Green to Deputy Stacy McCoy ("Deputy McCoy") during the execution of the search warrant. Importantly, Green invoked his Fifth Amendment right to remain silent and did not testify at Glenn's trial. However, Glenn offered the proferred testimony of Deputy McCoy, wherein Deputy McCoy testified to statements Green made to her on March 21, 2019 during the execution of the search warrant. Specifically, Deputy McCoy testified that Green told her that Glenn "had nothing to do" with the drugs found at the residence and "took all responsibility" for the drugs therein. (Aug. 26, 2019 Tr. at 614). Glenn sought to introduce Green's statements under Evid.R. 804(B)(3), which allows for the introduction of hearsay statements when the declarant is unavailable. (*Id.* at 633-639). However, the trial court determined that Green's statements were not admissible. (*Id.* at 639-643).

{¶13} Glenn argues that by not permitting her to introduce these two pieces of evidence, the trial court committed cumulative error which prevented her from providing a credible defense that the drugs belonged to Green and, accordingly, denied her the right to a fair trial.

{¶14} "Under [the] doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair

trial though each of the numerous instances of trial court error does not individually constitute cause for reversal." *State v. Spencer*, 3d Dist. Marion No. 9-13-50, 2015-Ohio-52, ¶ 83, citing *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 222-224 and *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). "'To find cumulative error, a court must first find multiple errors committed at trial and determine that there is a reasonable probability that the outcome below would have been different but for the combination of the harmless errors.'" *State v. Stober*, 3d Dist. Putnam No. 12-13-13, 2014-Ohio-5629, ¶ 15, quoting *In re J.M.*, 3d Dist. Putnam No. 12-11-06, 2012-Ohio-1467, ¶ 36.

{¶15} Generally, the admission or exclusion of evidence lies within the trial court's discretion, and a reviewing court should not reverse absent an abuse of discretion and material prejudice. *State v. Conway*, 109 Ohio St. 3d 412, 2006-Ohio-2815, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64 (2001). An abuse of discretion implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138 (1991).

{¶16} "Evidence which is not relevant is not admissible." Evid.R. 402. Evidence is relevant when it has "any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Under Evid.R. 403(A), '[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.'" *State v. Velez*, 3d Dist. Putnam No. 12-13-10, 2014-Ohio-1788, ¶ 122, quoting *State v. Maag*, 3d Dist. Hancock No. 5-03-32, 2005-Ohio-3761, ¶ 71. Unfair prejudice is that quality of evidence which might result in an improper basis for a jury decision.'" *Id.*, quoting *State v. Calhoun*, 11th Dist. Ashtabula No. 2010-A-0057, 2012-Ohio-1128, ¶ 82. "'[D]espite the mandatory terms of Evid.R. 403(A), when considering evidence under that rule, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion.'" *State v. Nevins*, 171 Ohio App.3d 97, 2007-Ohio-1511, ¶ 49 (2d Dist.), quoting *State v. Harding*, 2d Dist. Montgomery No. 20801, 2006-Ohio-481, ¶ 21.

{¶17} We turn first to Glenn's argument relating to the five prior controlled buys at 223 West Columbia. Glenn argues in her brief that the trial court erred by not allowing her to admit evidence of the prior controlled buys at 223 West Columbia, the location of her arrest. However, Glenn's argument neglects the fact that this evidence was not even available to her for potential admission. In Glenn's May 31, 2019 motion for additional discovery, she argued that the State should be

compelled under Crim.R. 16 to produce video recordings, police reports, and documentation relating to controlled buys at 223 West Columbia on February 26, 2019, February 28, 2019, March 12, 2019, March 14, 2019, and March 20, 2019. Specifically, Glenn argued that under Crim.R. 16, the information relating to the five previous controlled buys was discoverable to her because it is "material to mitigation, exculpation, or impeachment." (Doc. No. 37). The trial court denied Glenn's motion for additional discovery. Accordingly, although Glenn frames her argument in the context of whether the potential evidence at issue should have been excluded from the trial, the potential evidence was not discoverable and, therefore, was not able to be offered at trial. Thus, rather than determining whether the trial court erred by not admitting the evidence at trial, our analysis must first focus on whether the trial court erred by not compelling the State to provide Glenn with the video recordings, police reports, and documentation relating to the five previous controlled buys at the residence.

{¶18} Crim.R. 16 provides the discovery rules for criminal proceedings. *State v. Engle*, 166 Ohio App.3d 262, 2006-Ohio-1884, ¶ 7 (3d Dist.). "'The trial court has discretion to regulate discovery in a manner consistent with Crim.R. 16.'" *State v. Dahms*, 3d Dist. Seneca No. 13-16-16, 2017-Ohio-4221, ¶ 114, quoting *State v. Mobley*, 2d Dist. Montgomery No. 26858, 2016-Ohio-4579, ¶ 23. Accordingly, "we review a trial court's response to allegations of noncompliance

with the criminal-discovery rules under an abuse-of-discretion standard." *Id.*, citing *State v. Wilson*, 192 Ohio App.3d 189, 2011-Ohio-155, ¶ 54 (11th Dist.).

{¶19} The purpose of Crim.R. 16 "is to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system and the rights of defendants, and to protect the well-being of witnesses, victims, and society at large." Crim.R. 16(A). Crim.R. 16(B) states:

> (B) Upon receipt of a written demand for discovery by the defendant, and except as provided in division (C), (D), (E), (F), or (J) of this rule, the prosecuting attorney shall provide copies or photographs, or permit counsel for the defendant to copy or photograph, the following items related to the particular case indictment, information, or complaint, and which are material to the preparation of a defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant, within the possession of, or reasonably available to the state, subject to the provisions of this rule:
>
> (1) Any written or recorded statement by the defendant or a co-defendant, including police summaries of such statements, and

including grand jury testimony by either the defendant or co-defendant;

(2) Criminal records of the defendant, a co-defendant, and the record of prior convictions that could be admissible under Rule 609 of the Ohio Rules of Evidence of a witness in the state's case-in-chief, or that it reasonably anticipates calling as a witness in rebuttal;

(3) Subject to divisions (D)(4) and (E) of this rule, all laboratory or hospital reports, books, papers, documents, photographs, tangible objects, buildings, or places;

(4) Subject to division (D)(4) and (E) of this rule, results of physical or mental examinations, experiments or scientific tests;

(5) Any evidence favorable to the defendant and material to guilt or punishment;

(6) All reports from peace officers, the Ohio Highway Patrol, and federal law enforcement agents, provided however, that a document prepared by a person other than the witness testifying will not be considered to be the witness's prior statement for purposes of the cross examination of that particular witness under the Rules of Evidence unless explicitly adopted by the witness;

(7)   Any written or recorded statement by a witness in the state's

case-in-chief, or that it reasonably anticipates calling as a witness in

rebuttal.

Crim.R. 16(B).

{¶20} The United States Supreme Court has held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). In recognition thereof, Crim.R. 16(B)(5) requires the prosecutor to disclose "[a]ny evidence favorable to the defendant and material to guilt or punishment." "However, 'the principles of *Brady* do not apply unless the evidence is material to mitigation, exculpation, or impeachment.'" *State v. Griffin*, 3d Dist. Allen No. 1-03-31, 2004-Ohio-287, ¶ 9, quoting *State v. Keene*, 81 Ohio St.3d 646 (1998), citing *Calley v. Callaway*, 519 F.2d 184, 221 (5th Cir.1975).

{¶21} "Evidence is material if there is a '"reasonable probability"' that the result of the trial would have been different had the evidence been disclosed to the defense." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, ¶ 153, quoting *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555 (1995), quoting *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375 (1985). "'A "reasonable probability" is

probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *State v. Johnston*, 39 Ohio St.3d 48 (1988), paragraph five of the syllabus.

**{¶22}** Glenn argued that, by failing to provide her with the video recordings, police reports, and documentation related to the five prior controlled buys at 223 West Columbia, which formed the basis of the search warrant executed on March 21, 2019, the State was withholding discoverable information which was material to mitigation, exculpation, or impeachment. We disagree.

**{¶23}** First, at the hearing on Glenn's motion for additional evidence, the trial court, with the agreement of the State, offered to review the requested discovery in camera to determine whether it contained potential exculpatory evidence. (June 11, 2019 Tr. at 24-25, 27-28, 36-37). However, Glenn's attorney repeatedly rejected the trial court's offer to review the requested material. (*Id.*). Accordingly, by Glenn's attorney's action, the trial court did not have the opportunity to review the potential evidence. Further, the potential evidence was never made part of the record. Because the potential evidence is not included in the record, we cannot find that the evidence requested was related to the indictment or that it was material to the preparation of Glenn's defense. *See State v. Hebdon*, 12th Dist. Butler Nos. CA2012-03 and CA2012-03-062, 2013-Ohio-1729, ¶ 54 (holding that because there was not an indication in the record that the appellant requested to have copies of the potential evidence sealed and placed in the record to preserve the issue for appellate

review, the court "cannot find that the evidence requested was related to the particular case, indictment, or complaint, or that it was material to the preparation of appellant's defense"); *State v. Darrah*, 12th Dist. Warren No. CA2006-09-109, 2007-Ohio-7080, ¶ 29 (finding that "[b]ecause [the potential evidence] is not included in the record, it is impossible for appellant to prove that the evidence requested was favorable" and, therefore, "it is impossible for appellant to prove that he was prejudiced by the trial court's decision to deny his motion to compel").

{¶24} Further, Crim.R. 16(B) requires the disclosure of "items related to the particular case indictment, information, or complaint."  Here, the indictment and bill of information only specified conduct which occurred on March 21, 2019.  (Doc. Nos. 2, 14).  Moreover, the State confirmed that it would not present any evidence at trial other than that pertaining to conduct on March 21, 2019.  (June 11, 2019 Tr. at 16-18).  Additionally, the State testified that it would not make any argument at trial as to modus operandi, prior drug possession, or sales with regard to Glenn or any of her co-defendants and that it would not call witnesses to testify regarding the five prior controlled buys at the residence.  (*Id.* at 18).[1]  *See Hebdon* at ¶ 54. Accordingly, we cannot find that the trial court abused its discretion by denying Glenn's motion for additional evidence.

---

[1] We note that Glenn does not argue that the State presented or attempted to present evidence at trial other than that pertaining to the events of March 21, 2019.  (Appellant's Brief at 11-12).  Rather, Glenn's argument focuses on her inability to discover and present evidence relating to the five prior controlled buys for the purpose of developing her defense.

{¶25} Having determined that the trial court did not abuse its discretion by denying Glenn's motion for additional evidence, we need not address Glenn's argument that the trial court erred by declining to admit statements made by Green during the execution of the March 21, 2019 search warrant. Under the doctrine of cumulative error, under which Glenn makes her argument, a court must first find multiple errors committed at trial. *Spencer*, 2015-Ohio-52, at ¶ 83; *Stober*, 2012-Ohio-1467, at ¶ 36. Here, even if we assume (without deciding) that the trial court committed harmless error by failing to admit statements made by Green during the execution of the March 21, 2019 search warrant, the cumulative error doctrine would still not be applicable because it requires the finding of multiple errors. *Id.*; *id. See State v. Bower*, 3d Dist. Shelby No. 17-14-14, 2015-Ohio-1889, ¶ 25.

{¶26} Accordingly, Glenn's first assignment of error is overruled.

### Assignment of Error No. III

**The jury's verdicts were against the manifest weight of the evidence in violation of the United States Constitution and the Ohio Constitution. (Record Reference: Judgment Entry)**

{¶27} In her third assignment of error, Glenn argues that her convictions are against the manifest weight of the evidence.

{¶28} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses and

determine[] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 3d Dist. Allen No. 1-11-34, 2012-Ohio-5233, ¶ 9, quoting *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, ¶ 119.

{¶29} However, we note that Glenn offers no support for her argument that her convictions are against the manifest weight of the evidence. Rather, Glenn's sole argument related to her third assignment of error is as follows: "Counsel has cited the relevant portion of [the] transcript contained herein as to why the State believes the verdict was correct, however to preserve Appellant's rights for future review, seeks the Court to review the facts contained within this testimony to see if they establish all requisite elements of the offenses." (Appellant's Brief at 16).

{¶30} "'[A] defendant has the burden of affirmatively demonstrating the error of the trial court on appeal.'" *State v. Costell*, 3d Dist. Union No. 14-15-11,

2016-Ohio-3386, ¶ 86, quoting *State v. Stelzer*, 9th Dist. Summit No. 23174, 2006-Ohio-6912, ¶ 7. "Moreover, '[i]f an argument exists that can support this assignment of error, it is not this court's duty to root it out.'" *Stelzer* at ¶ 7, quoting *State v. Cook*, 9th Dist. Summit No. 20675, 2002-Ohio-2646, ¶ 27. "App.R. 12(A)(2) provides that an appellate court 'may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A).'" *State v. Jackson*, 10th Dist. Franklin No. 14AP-670, 2015-Ohio-3322, ¶ 11, quoting App.R. 12(A)(2). "Additionally, App.R. 16(A)(7) requires that an appellant's' brief include '[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.'" *Id.*, quoting App.R. 16(A)(7). Here, not only did Glenn fail to include an argument regarding how her convictions were against the manifest weight of the evidence, but she also failed to provide citations to the authorities, statutes, and parts of the record that support her argument. Thus, we need not address Glenn's argument that her convictions are against the manifest weight of the evidence.

{¶31} Accordingly, Glenn's third assignment of error is overruled.

**Assignment of Error No. II**

**The trial court erred in imposing a prison term consecutive to another prison term because there was no finding that the sentence was not disproportionate to any danger the defendant may pose to the public and the trial court failed to identify specific reasons in support of its finding that consecutive sentences were appropriate. (Record Reference: Judgment Entry)**

{¶32} In her second assignment of error, Glenn argues that the trial court erred by sentencing her to 20 years in prison. Specifically, she contends that the trial court erred by imposing consecutive sentences because it did not make the requisite consecutive sentence findings on the record. Further, Glenn argues that the trial court erred by imposing consecutive sentences because it failed to identify specific reasons in support of its finding that consecutive sentences were appropriate.

{¶33} "Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 8, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that '"which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."'" *Id.*, quoting *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶34} Here, Glenn does not challenge the length of any of the sentences imposed. Rather, Glenn challenges only the trial court's determination that the sentences should be served consecutively to each other. Accordingly, we limit our review to a consideration of whether the trial court made the necessary findings prior to imposing consecutive sentences and whether those findings are supported by the record.

{¶35} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of

the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

{¶36} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record when imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

**{¶37}** The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

**{¶38}** At the sentencing hearing, the trial court made the following statements regarding Glenn's sentences:

> I do also find that consecutive sentences are necessary in each of these counts, and we'll run each of them consecutive to each other because it's necessary to protect the public from future crime, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender posed to the public with this conduct.

(Sept. 16, 2019 Tr. at 16-17).

**{¶39}** Based on our review of the record, we cannot conclude that the trial court complied with its obligation to make all of the required R.C. 2929.14(C)(4) findings at the sentencing hearing. In finding that the consecutive sentences were

-21-

necessary to protect the public from future crime and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, the trial court made findings under R.C. 2929.14(C). However, the trial court did not make any findings at the sentencing hearing relating to one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c).

{¶40} In its sentencing entry, the trial court stated:

In finding that the sentences shall be served consecutively, the Court finds that consecutive sentences are necessary to punish the Defendant or to protect the public from future crime, and that the sentences are not disproportionate to the seriousness of the Defendant's conduct and the danger posed by the Defendant. The Court further finds that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for either of the offenses committed as part of the course of conduct adequately reflects the seriousness of the Defendant's conduct.

(Doc. No. 113). Thus, the trial court made the appropriate R.C. 2929.14(C)(4) findings in its sentencing entry. However, because the trial court must make all required findings both at the sentencing hearing and in its judgment entry of sentence, the trial court's addition of a finding under R.C. 2929.14(C)(4)(b) in the judgment entry does not make a difference. *State v. Brown*, 7th Dist. Jefferson No.

15 JE 0014, 2016-Ohio-5701, ¶ 19 ("[T]he court did put the necessary findings in the judgment entry of sentence. But the court must make the findings at the sentencing hearing, not simply in the judgment entry.")

{¶41} Accordingly, because the trial court did not make all of the required R.C. 2929.14(C)(4) findings at Glenn's sentencing hearing, "'the imposition of consecutive sentences in this case is contrary to law.'" *State v. Payne*, 3d Dist. Henry No. 7-19-02, 2019-Ohio-2852, ¶ 6, quoting *Bonnell* at ¶ 37. As a result, we reverse the judgment of the trial court, vacate Glenn's sentence, and remand the matter to the trial court for resentencing. *Id.*; *Brown* at ¶ 21.

{¶42} Glenn's second assignment of error is sustained.

{¶43} Having found no error prejudicial to the appellant herein in the particulars assigned and argued with respect to her first and third assignments of error, we affirm the judgment of the trial court with respect to those matters. However, having found error prejudicial to the appellant herein in the particulars assigned and argued with respect to her second assignment of error, we reverse the judgment of the trial court with respect to that matter and remand to the trial court for resentencing consistent with this opinion.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded.*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**